IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIEL LEE HARRIS, | § | |
| | § | |
| Movant, | § | |
| vs. | § | Civil No. 7:10-CV-039-D |
| | § | |
| UNITED STATES OF AMERICA, | § | (Criminal No. 7:05-CR-026-D) |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

This is a motion to vacate, set aside, or correct the sentence filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the court denies the motion and denies a certificate of appealability.

I

Pursuant to a plea agreement, movant Daniel Lee Harris ("Harris") pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Harris was sentenced to 120 months' confinement to be followed by a three-year term of supervised release. His direct appeal was dismissed as frivolous.

In support of the instant motion, Harris presents the following grounds for relief:

1. ineffective assistance of trial counsel for the following reasons:

    (a)    failure to request a hearing to resolve disputed facts relevant to sentencing;

    (b)    failure to object to the use of two prior felony convictions to enhance his base level offense, and;

    (c)    failure to object to the sentence enhancement for prior deadly conduct;

2. ineffective assistance of appellate counsel for the following reasons:

  (a) failure to challenge the 6 point criminal history increase for two prior sentences that were related, and;

  (b) failure to raise the issue of ineffective assistance of trial counsel.

Mot. to Vacate 4-5.  Respondent argues that Harris is not entitled to the relief he seeks.

II

28 U.S.C. § 2255 provides that a prisoner in custody under the sentence of a federal court can file a motion to vacate, set aside, or correct the sentence in the court that imposed the sentence. The statute states four grounds on which such relief can be claimed:

1. that the sentence was imposed in violation of the Constitution or laws of the United States;

2. that the court was without jurisdiction to impose such sentence;

3. that the sentence was in excess of the maximum authorized by law, and;

4. that the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962).  Section 2255 does not mandate habeas relief to all who suffer trial errors.  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  It is limited to grounds of constitutional or jurisdictional magnitude, *Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974), and for the narrow spectrum of other injury that "could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."  *Capua*, 656 F.2d at 1037.

When, as here, a criminal defendant pleads guilty, he has entered more than a mere confession; a guilty plea is an admission that the defendant committed the charged offense.  *North Carolina v. Alford*, 400 U.S. 25, 32 (1970); *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). Once a criminal defendant has entered a plea of guilty, all nonjurisdictional defects in the prior

proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the guilty plea. *E.g., United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982).

A criminal defendant can waive his right to seek post-conviction relief as part of a plea agreement. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The waiver must have been informed and voluntary, which requires that the defendant knew that he had a right to seek post-conviction relief and that he was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Where the record clearly reveals that a defendant understood the terms of his plea agreement and that he raised no question regarding the waiver of post-conviction relief, the defendant is bound by the terms of the agreement. *Wilkes*, 20 F.3d at 653; *Portillo*, 18 F.3d at 293.

The waiver set forth in Harris' plea agreement states:

> Harris waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Harris, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

Plea Agreement 4.

### III

#### A

In his first ground for relief, Harris alleges ineffective assistance of trial counsel. The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective

assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a convicted defendant seeks relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982) (citations omitted). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In order to demonstrate prejudice under *Strickland* in the context of non-capital sentencing, a movant must demonstrate that there is a reasonable probability that, but for trial counsel's errors, the defendant's non-capital sentence would have been less harsh. *United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004).

- 4 -

In his first ground for relief, Harris asserts that his counsel was ineffective for failing to request a hearing for purposes of challenging the government's use of the Presentence Report ("PSR") alone to support two sentence enhancements that caused him to receive a longer sentence. Mot. to Vacate 4. The enhancements were for possession of three or more firearms and obstruction of justice. Movant Mem. 3. Harris concedes that his counsel objected to the enhancements, but he argues that counsel failed to request a hearing and make the court rule on the contested facts that resulted in a longer sentence. *Id.* at 3-4. He also argues that the government failed to produce any affidavits relating to the enhancements and that, absent a hearing, the court was unable to assess the credibility of any witnesses. *Id.* at 4-5.

Facts set forth in a PSR can be adopted by a sentencing court "'without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable.'" *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (quoting *United States v. Cabrera*, 288 F.3d 163, 173-73 (5th Cir. 2002)). Absent proof from the defendant that the presentence report is inaccurate, the district court is free to rely on information presented in the report at the sentencing stage. *Trujillo*, 502 F.3d at 357; *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994).

Although counsel objected to the enhancements at sentencing, no evidence was presented to rebut the facts relating to the offense as set forth in the PSR. In the instant action, Harris has failed to offer any evidence that could rebut the facts set forth in the PSR. Therefore, he is not entitled to relief on this ground.

B

In his second ground for relief, Harris alleges that counsel was ineffective for failing to object to the use of two prior felony convictions—assault on a public servant, and deadly conduct—to enhance his sentence. Mot. to Vacate 4. He argues that these two offenses do not constitute crimes of violence and that his guideline base offense level was improperly increased by 4 points as a result of counsel's failure to object. *Id.*

Harris is mistaken in his claim that his conviction for assault on a public servant does not constitute a crime of violence for the purpose of an increased base level offense under the Sentencing Guidelines. Harris was indicted and convicted for "intentionally, knowingly, or recklessly [causing] bodily injury" to a Texas Youth Commission correctional officer by striking the officer with his fists, in violation of Texas Penal Code § 22.01. Respondent App. 3. Assault on a public servant constitutes a crime of violence, as defined in U.S. Sentencing Guidelines Manual § 4B1.2(a) (2005), for the purpose of calculating a defendant's base level guideline. *See United States v. Anderson*, 559 F.3d 348, 355 (5th Cir. 2009) (holding that assault on public servant constitutes crime of violence for sentencing purposes and stating that court can look to face of indictment to determine whether offense posed serious potential risk of physical injury to another).

Respondent concedes that Harris is correct in his assertion that his conviction for deadly conduct does not constitute a crime of violence for purposes of sentencing under the Guidelines. But Harris suffered no prejudice as a result of this error or as a result of counsel's alleged failure to object. In addition to his conviction for assault on a public servant, Harris has a conviction for aggravated assault, which constitutes a crime of violence under the guidelines. U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1. (2005). Under § 2K2.1(a)(2) of the Guidelines, the base level

offense is set at 24 if the defendant has at least two prior felony convictions involving crimes of violence. When the deadly conduct conviction is removed from consideration, Harris' base level offense score remains unchanged. Because he cannot show prejudice, Harris is not entitled to relief on this ground.

C

In his third ground for relief, Harris asserts a claim for ineffective assistance of counsel based on his counsel's failure to object to the increase in his criminal history category for his deadly conduct conviction. Mot. to Vacate 4-5. He states that the "deadly conduct" was a driving offense for which he was sentenced to 60 days' probation and fined $1,500. *Id.* Harris argues that, in order to be included for purposes of a criminal history calculation, the offense must result in a sentence of at least one year of probation and/or 30 days of incarceration. Movant Mem. 10. Respondent concedes that Harris' conviction for deadly conduct should not have been included in calculating his criminal history points. Respondent Resp. 13-14.

Harris was assessed 1 point for the deadly conduct conviction. His criminal history points totaled 14, which placed him in criminal history category VI. A total of 13 points or more place a defendant in criminal history category VI. Subtracting the 1 point erroneously assessed for the deadly conduct conviction, Harris' score still places him in category VI. Therefore, he cannot show prejudice for counsel's failure to object, and he is not entitled to relief on this ground.

D

Harris maintains that his appellate counsel was ineffective for failing to challenge the 6 point criminal history increase for two prior sentences that were related, and for his failure to raise the issue of ineffective assistance of trial counsel. Mot. to Vacate 5.

In a claim of ineffective assistance of counsel on appeal, a petitioner must demonstrate both that "counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the defendant by the sixth amendment" and "that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would have been different." *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir. 1986). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be asserted on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This is essentially the same standard set forth under *Strickland* for claims of ineffective assistance of counsel at trial.

Review of the record reflects that Harris' appellate counsel filed a motion for leave to withdraw and a brief in accordance with *Anders v. State of California*, 386 U.S. 738 (1967). *USA v. Harris*, No. 06-11067 (5th Cir. 2009). Based on its independent review of the record and counsel's brief, the Fifth Circuit concluded that there was no nonfrivolous issue for appeal. Appellate counsel cannot be deemed ineffective for failing to raise frivolous issues. Harris has failed to demonstrate that his counsel's performance on appeal was objectively unreasonable or that he suffered any prejudice as a result of counsel's performance. Therefore, he is not entitled to relief on this ground. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997) (holding that claims decided on direct are appeal procedurally barred from collateral review); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (stating that issues disposed of on direct appeal are not considered in § 2255 motions); *Blackwell v. United States*, 429 F.2d 514, 516 (5th Cir. 1970) (concluding that

permitting a collateral attack on grounds already rejected by the appellate court "would merely result in the purposeless duplication of the review process").

E

In his final ground for relief, Harris asserts that he is actually innocent. Movant Mem. 11-12. He alleges that he entered a guilty plea only because his attorney persuaded him, and based on a statement from the arresting officer, Jeremiah Love ("Love"). *Id.* at 12. Harris asserts that Love has been terminated from the police department, that he lacks credibility as a witness, and that charges pending against all individuals who were arrested by Love have been dismissed. *Id.* He argues that, without Love's testimony, there is no evidence of guilt. *Id.*

Harris is not entitled to § 2255 review of this ground. Pursuant to the plea agreement entered in this case, Harris waived his right to bring this ground for relief in a proceeding under 28 U.S.C. § 2255. The record reflects that Harris clearly understood the terms of his plea agreement and he raised no question regarding the waiver of post-conviction relief. Tr. 16-20. Thus he is bound by the terms of the agreement. *See Wilkes*, 20 F.3d at 653; *Portillo*, 18 F.3d at 293.

To the extent, if any, that Harris is raising a claim of involuntary plea of guilty, he is not entitled to relief. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* When a § 2255 movant's factual allegations are refuted by his own testimony given under oath during his plea proceedings, he is not entitled to be heard on the new factual allegations absent corroborating evidence such as the affidavit of a reliable third person. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v.*

*Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979). "This result is necessitated by the interest of finality in the criminal process." *Sanderson*, 595 F.2d at 1022.

Harris signed the plea agreement in which he stated that his plea of guilty was "freely and voluntarily made and ... not the result of force or threats, or of promises apart from those set forth in [the] plea agreement." Plea Agreement 3-4. Harris agreed to the veracity of the statements set forth in the factual resume, and he admitted his guilt under oath in open court. *See* Factual Resume; Tr. 13-14. Therefore, he is not entitled to relief on this ground.

For the foregoing reasons, the motion to vacate, set aside, or correct the sentence is denied.

IV

Pursuant to 28 U.S.C. § 2253(c), the court denies a certificate of appealability. It concludes, based on this memorandum opinion and order, that Harris has failed to demonstrate that reasonable jurists would find it debatable whether this court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 478 (2000); *Morris v. Dretke* 379 F.3d 199, 204 (5th Cir. 2004).

**SO ORDERED.**

March 29, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE